UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DELBERT RONDEL GARDNER,<br><br>   Plaintiff,<br><br>    v.<br><br>DIAZ, et al.,<br><br>   Defendants. | NO. CV 20-2221-VBF (AGR)<br><br>ORDER TO SHOW CAUSE WHY COURT SHOULD NOT RECOMMEND (1) DISMISSAL OF COMPLAINT; AND (2) DENIAL OF REQUEST TO PROCEED WITHOUT PREPAYMENT OF FILING FEES |

The court orders Plaintiff to show cause on or before **April 20, 2020,** why this court should not recommend dismissal of his complaint and denial of his request to proceed without prepayment of filing fees because his complaint fails to state a claim for relief.

**I.**

**BACKGROUND**

On January 31, 2020, Plaintiff, a state prisoner, filed a civil rights complaint and a Request to Proceed Without Prepayment of Filing Fees in the Southern District of California. The complaint was transferred to the Central District of California. The Court has screened the complaint to determine whether it fails to state a claim on which relief may be granted.

To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (citations omitted).

A pro se complaint is to be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). Before dismissing a pro se civil rights complaint for failure to state a claim, the plaintiff should be given a statement of the complaint's deficiencies and an opportunity to cure them unless it is clear the deficiencies cannot be cured by amendment. *Eldridge v. Block*, 832 F.2d 1132, 1135-36 (9th Cir. 1987).

## II.
## FACTUAL BACKGROUND AND JUDICIAL NOTICE

The complaint is difficult to understand.

The court therefore takes judicial notice pursuant to Fed. R. Evid. 201 of the following facts to provide necessary background for Plaintiff's complaint:

1. Plaintiff was sentenced to 25 years to life in prison after a jury found him guilty of first degree burglary with a person present, and found true three prior strike conviction allegations, in Imperial County Superior Court Case No. JCF26539. *People v. Gardner*, 2012 Cal. App. Unpub. LEXIS 9305 (Dec. 19, 2012).

2. Plaintiff entered into settlements on May 19, 2016 in the following civil rights cases in the Central District of California: Case Nos. CV 13-4376; CV 13-9013; CV 15-7544; CV 15-8927; and CV 16-1084 (hereinafter "Central District Settlement Cases").

1 | 3. | Defendants filed a "Notice of Compliance With Settlement Terms" on October 31, 2016 in the Central District Settlement Cases that attached an Inmate Statement Report dated 10/31/2016 showing deposits of $1931.99 in settlements funds on 10/25/2016, which is the amount left over after deduction of a 5% fee of $68.01 pursuant to Cal. Penal Code § 2085.5(i).  (Shaff Decl. ¶ 9 & Exh. A.)  At the time (10/25/2016), deductions in the amount of $1360.14 were made for restitution payments in two state criminal cases ($1000 + $285.92 + $74.22).  (Dkt. No. 126 in Case No. CV 13-4376.)

4. Plaintiff constructively filed objections to the deductions for restitution payments on November 7, 2016 in the Central District Settlement Cases.  (Dkt. No. 128, CV 13-4376.)

5. This court referred this dispute to the prisoner settlement program in the Central District Settlement Cases.  (Dkt. No. 129, CV 13-4376.)

The court has reviewed the subsequent CDCR Inmate Statement Report dated January 10, 2017, which was attached to Plaintiff's First Amended Complaint in *Gardner v. Bisset*, CV 17-1921 AC (PC) (E.D. Cal.).[1]

The January 10, 2017 CDCR Inmate Statement Report  indicates that, as of November 8, 2016, Plaintiff's inmate trust account had a balance of $1393.58.  (Dkt. No. 28 at 30.)  The statement indicates that the deductions for restitution payments were reversed and those amounts reinstated as of November 8, 2016.  (*Id.*)  The Clerk is directed to attach the January 10, 2017 CDCR Inmate Statement Report as Exhibit 1 to this Order to Show Cause.

---

[1] Plaintiff subsequently filed a Second Amended Complaint in the *Bissett* case but did not attach the same documents for some reason.  The *Bissett* case is closed.

# III.

# THE COMPLAINT FAILS TO STATE A CLAIM FOR RELIEF

Plaintiff sues various people in two prisons for "keeping monies that did not belong to state for restitution." (Compl. at 2.)[2] Plaintiff appears to believe that the reason has to do with his "non-existent" CDCR No. AK0580.[3] (*Id.*) Plaintiff also contends he has been "incarcerated unlawfully." (*Id.* at 2, 3, 9.)

## A. Plaintiff's Claim That He Is Unlawfully Imprisoned Must Be Made by Petition for Writ of Habeas Corpus in the Southern District of California

Plaintiff was convicted and sentenced in Imperial County Superior Court. Imperial County is in the Southern District of California. 28 U.S.C. § 84(d).

To the extent Plaintiff contends he is unlawfully imprisoned, his sole avenue for relief is a petition for writ of habeas corpus, which he has apparently filed in the Southern District of California according to the Order Transferring Civil Action in this case. (Dkt. No. 4 at 2:25-26.) *See Muhammad v. Close*, 540 U.S. 749, 750 (2004) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus."); *Nettles v. Grounds*, 830 F.3d 922, 927 (9th Cir. 2016) (en banc) ("Court has long held that habeas is the exclusive vehicle for claims brought by state prisoners that fall within the core of habeas, and such claims may not be brought in a § 1983 action").

---

[2] Because the complaint is not paginated consecutively, the court cites the page numbers assigned by CM/ECF in the header.

[3] Plaintiff was mistakenly assigned CDCR No. AK0580 when he arrived at state prison after his conviction and sentence in Imperial County Superior Court Case No. JCF26539. According to the second level response to Plaintiff's grievance dated January 22, 2018 and attached to the First Amended Complaint in *Bisset*, Plaintiff was "inadvertently given AK0580 as a new CDCR number. You were a parole violator with a new term and should not have been given this new number. A status change was completed by R.J. Donovan Reception Center, and the correction was made and your current CDCR number is E71905." (First Am. Compl., Dkt. No. 28 at 92.)

4

### B. Plaintiff's Claim That the Deductions for Restitution Should Not Have Been Made Appears to Be Moot

Plaintiff contends someone "embezzled monies of settlement for a fictitious CDCR number AK0580."

Plaintiff attaches the same October 31, 2016 CDCR Inmate Statement Report that the Defendants filed in the Central District Settlement Cases. (Compl. at 6.) That statement shows the three deductions for restitution payments in the combined amount of $1360.14 ($1000 + $285.92 + $74.22). (*Id.*)

However, Plaintiff subsequently objected to these deductions, and this court referred the dispute to the prisoner settlement program. (Dkt. Nos. 128-129, CV 13-4376.)

The January 10, 2017 CDCR Inmate Statement Report attached to Plaintiff's First Amended Complaint in the *Bisset* case indicates that, as of November 8, 2016, the deductions for restitution payments were reversed and those amounts reinstated. Plaintiff's inmate trust account had a balance of $1393.58 as of November 8, 2016. (Exhibit 1 to this Order.)

For this reason, it appears that Plaintiff's complaint that California retained the restitution amounts is now moot because that money was returned to Plaintiff's inmate trust account as of November 8, 2016 and there is no relief that this court can provide.

### IV.
### ORDER

For the foregoing reasons, IT IS ORDERED THAT Plaintiff shall show cause in writing, by no later than **April 20, 2020**, why the court should not recommend that the complaint be dismissed and that Plaintiff's request to proceed without prepayment of fees be denied.

Plaintiff may file a First Amended Complaint that cures the deficiencies identified in this order. If Plaintiff chooses to file a First Amended Complaint, it

must be filed no later than **April 20, 2020;** bear the docket number assigned in this case; be labeled "First Amended Complaint"; and be complete in and of itself, without reference to the original complaint, or any other pleading, attachment or document in any other case. Plaintiff is free to attach additional pages to the form. The filing of a First Amended Complaint will discharge this order to show cause.

The Clerk is directed to (a) provide Plaintiff with a blank Central District civil rights complaint form and (b) attach a copy of the January 10, 2017 CDCR Inmate Statement Report to this Order as Exhibit 1  The Clerk is further directed to send Plaintiff a complete copy of the First Amended Complaint in the *Bisset* case that attached the January 10, 2017 CDCR Inmate Statement Report.

If Plaintiff fails to file a response to this order to show cause or a First Amended Complaint on or before **April 20, 2020**, this court may recommend that the complaint be dismissed and Plaintiff's request to proceed without prepayment of fees be denied.

DATED: March 19, 2020

_____
ALICIA G. ROSENBERG
United States Magistrate Judge